```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  ANDY MEDAS-KING,

                    Plaintiff,             MEMORANDUM & ORDER
                                           24-CV-1812 (EK)(MMH)

        -against-

  DR. ROBIN R. DAVSON, Executive
  Director of Office of Safety and
  Youth Dev. District 30; HELEN
  PONELLA, Principal of 30Q227; LISA
  HIDALGO, Superintendent of District
  30; SETH ROSENKRATZ, Director of
  Student Suspensions and Hearings,
  OSYD, Department of Education;
  ANTHONY FEMINO, Assistant Principal
  of 30Q227; KIM SANDERS, Assistant
  Principal of 30Q227; FRANCO GORDILLO,
  Guidance Counselor of 30Q227; and KIM
  WALDVOGEL, Dean of 30Q227,

                    Defendants.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Plaintiff Andy Medas-King filed this action pursuant to 42 U.S.C. § 1983 against officials at his daughter's school. Proceeding *pro se*, he requests *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915. That request is granted. Still, the complaint is dismissed for the reasons that follow.

  The complaint is a form complaint for actions pursuant to Section 1983. Complaint at 1, ECF No. 1. Medas-King alleges that his eleven-year-old daughter "K." was playing basketball in the schoolyard "when she was pushed to the ground" by a boy.

*Id.* at 13. The altercation escalated, and K. responded by "hit[ting] him in the head." *Id.* Subsequently, a school administrator informed Medas-King "that according to the investigation my daughter is definitely guilty." *Id.* A series of exhibits to the complaint — consisting of communications between Medas–King and school officials — indicate that K. was suspended for three days. *See id.* at 10-30; *id.* at 27. The documents also indicate that Medas-King appealed that suspension, but the appeal was denied. *Id.* at 27-30.

Medas-King alleges that in the course of their investigation, the officials took a "statement" from his daughter that "was illegal since there was 4 manipulative Adults in the room with a 11 year old child." *Id.* at 7. He alleges that "the pricipal [sic] and everyone lied and cover[ed] up the situation." *Id.* Medas-King asserts claims for "right to a proper hearing, abuses of power, race/ethnicity, religion, [and] child abuse." *Id.* at 6. He seeks $400,000 in damages for "the mental health of my daughter and the entire family for hurting our feeling[s] and discrimination." *Id.* at 8.

## I. Legal Standard

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1]  At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010).  But the Court need not accept "legal conclusions" as true.  *Iqbal,* 556 U.S. at 678.

A *pro se* complaint like Medas-King's is to be liberally construed must be held to less stringent standards than formal pleadings drafted by lawyers."  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019).  Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Finally, district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

## II. Discussion

Medas-King alleges that the school district discriminated against his daughter in violation of the Fourteenth Amendment's equal protection clause, and that it failed to provide his daughter with due process during a disciplinary proceeding. At the outset, Medas-King cannot represent his child in this suit. A "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Claims brought by a non-attorney parent on behalf of his child "should be dismissed." *Id.* Accordingly, Medas-King's claims on behalf of his daughter or any other family member are dismissed.

The complaint's only allegations of harm to Medas-King personally are that the defendants "hurt[] our feeling[s]," and that he was "humiliated" when officials falsely claimed that he failed to appear at a scheduled hearing. *Id.* at 13, 16, 22, 28. Section 1983, pursuant to which Medas-King brings his claim, "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see* 42 U.S.C. § 1983. Here, the complaint fails to identify a civil right that was infringed by the defendants' actions, and the Court

4

perceives none.  Medas-King's claim on his own behalf is therefore dismissed.

### III. Conclusion

For the foregoing reasons, the complaint is dismissed without prejudice for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court grants Medas-King thirty days to amend his complaint if he can, in good faith, allege facts sufficient to overcome the deficiencies identified above.  If the plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and must include the same docket number as this Order: 24-CV-1812.  Any such amended complaint will *completely replace* the complaint filed before it, rather than

5

supplementing it, so it must contain all factual assertions the plaintiff deems relevant.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Medas-King and to note the mailing on the docket.

SO ORDERED.

                                                     /s/ Eric Komitee  
                                                     ERIC KOMITEE  
                                                     United States District Judge

Dated:     September 11, 2024  
             Brooklyn, New York